FRANCES M. DiBENEDETTO *vs.* CONTINENTAL ASSURANCE CO. January 21, 1981. A judge sitting without a jury found in favor of the plaintiff who is seeking the proceeds of an insurance policy issued by the defendant on the life of her husband (deceased). The defendant has argued that the deceased made material misrepresentations concerning his health on the application and, therefore, coverage should be defeated. See G. L. c. 175, § 186. A parsing of this statute reveals that a misrepresentation is material and hence capable of avoiding the policy if the misrepresentation is made with actual intent to deceive or if the matter misrepresented increased the risk of loss. The judge found that the deceased had no actual intent to deceive and that, if there were a misrepresentation, it did not increase the risk of loss. The judge was clearly in error (see Mass.R.Civ.P. 52[a], 365 Mass. 816 [1974]) in finding that Question 7 "merely asks if a doctor has been consulted in the past five years — it does not ask for a detailed account of when and how many times within the past five years a doctor had been consulted. I find that the answer of the deceased to this question was accurate and not made with any intent to misrepresent or mislead." In fact, the question required a listing of the "name of person and all details as to dates, names and addresses of physicians and why con-

sulted." The deceased's answer in which he named the doctor, specified one date, and added "no problems," flies in the face of uncontradicted evidence of at least five visits during the five years in which the named doctor monitored a continuing problem of blood pressure. This misreading of the question by the judge touches both crucial issues — the intent to deceive and an increased risk of loss, and is, therefore, fatal. See *Lennon v. John Hancock Mut. Life Ins. Co.*, 339 Mass. 37, 39-40 (1959), and cases cited therein.

*Judgment reversed.*

*Regina E. Roman* (*Peter L. Puciloski* with her) for the defendant.
*Edward P. Healy* for the plaintiff.